In the Matter of HAWKE ASSOCIATES, a New Jersey partnership, Plaintiff,

v.

CITY FEDERAL SAVINGS BANK; the Resolution Trust Corporation; and City Savings Bank, Defendants.

Civ. A. No. 90–3985.

United States District Court, D. New Jersey.

May 22, 1991.

Leib, Kraus, Grispin & Roth by Robert M. McCaffery, Scotch Plains, N.J., for plaintiff.

Jamieson, Moore, Peskin & Spicer by Jay Samuels, John D. McQuarrie, Jr., Princeton, N.J., for defendants.

## OPINION

BISSELL, District Judge.

This matter arises before the Court on the basis of the defendants' two motions. The first is to substitute one failed bank for the presently listed failed banks as defendant, as well as the Resolution Trust Corporation as the receiver for each of them. The second motion is to dismiss the three-count complaint for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

## I. FACTS AND BACKGROUND

### A. The Parties

Plaintiff Hawke Associates is a New Jersey partnership with offices located in Elizabeth, New Jersey. (Am. Compl., Intro.) Plaintiff's complaint is against three defendants. The first is City Federal Savings Bank ("City Federal"), the original party to the lease forming the basis for the complaint. However, on December 8, 1989, the Office of Thrift Supervision ("OTS") of the United States Department of the Treasury declared City Federal insolvent and ordered it closed. (*Id.*, Ct. One, ¶ 3). On the same date, OTS appointed defendant Resolution Trust Corporation ("RTC") as receiver of City Federal. (*Id.;* McClelland Aff., Exh. A). RTC, as receiver sold most of the City Federal assets to a newly formed bank, City Savings Bank, F.S.B. ("City Savings Bank"). (*Id.*, Ct. One, ¶ 4). Both City Savings Bank and RTC as City Federal's receiver are named as defendants.

Since the complaint herein was filed, City Savings Bank has been declared insolvent by OTS, and RTC was appointed as receiver. (Notice of Removal, Exh. A). RTC sold most of City Savings Bank's assets to another, newly chartered bank, City Savings, F.S.B. ("Savings, F.S.B."). RTC was appointed as conservator to Savings, F.S.B.

Plaintiff filed this action in the New Jersey Superior Court, and defendants removed to this Court on the basis of 28 U.S.C. § 1331 and the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183. (*See* Notice of Removal, ¶ 9). Pursuant to 12 U.S.C. § 1441a(b)(4), RTC, as conservator and/or receiver for a failed institution, has the same powers provided to the Federal Deposit Insurance Corporation under 12 U.S.C. §§ 1821,[1] 1822,[2] and 1823.[3]

### B. Allegations of the Complaint

On September 18, 1987, plaintiff Hawke entered into a lease with City Federal for space in a building plaintiff owned in Elizabeth, New Jersey. (Am.Compl., Ct. One, ¶ 1). The written lease covers space in the basement, first floor and mezzanine level of the building, and is for the period from May 24, 1988 through May 31, 1998. (*Id.*, ¶ 1; Exh. A).

Paragraph 21(4) of the lease provides that the tenant is in default of the lease "upon appointment of a trustee or a receiver to take possession of substantially all of the tenant's assets located at the premises or of tenant's interest in the lease, where possession is not restored to the tenant within sixty (60) days." (*Id.*, Ct. One, ¶ 2). In such event, the lease provides that the landlord may terminate the right to possession and is entitled to recover damages, including costs of renovation and reletting, and attorneys' fees. (*Id.*, Ct. One, ¶ 6). Accordingly, based on City Federal's receivership, plaintiff claims that City Federal is in default, that plaintiff is entitled to possession, and that it "has been damaged by the Defendants' default and continued possession of the premises, in that the value of the property has been decreased due to the receivership of the Defendants and other reasons." (*Id.*, Ct. One, ¶ 8). This constitutes the First Count of the complaint.

The Second and Third Counts of the complaint concern City Federal's alleged leasing of the second through fifth floors of plaintiff's building. Specifically, plaintiff claims in the Second Count that City Federal represented that it would continue to occupy this space, and that plaintiff relied

---

**1.** Title 12, U.S.C. § 1821 provides, *inter alia,* for the appointment of the RTC as a receiver or conservator, the powers and duties of the RTC in such appointments, and the rules relating to contracts entered into by the failed bank prior to the appointment of a conservator or receiver. (*See* 12 U.S.C. § 1821(c), (d), (e)).

**2.** Title 12, U.S.C. § 1822 provides the specifics concerning RTC as a receiver, relating to depositors of the failed bank.

**3.** Title 12, U.S.C. § 1823 relates to monies handled by RTC as receiver or conservator, sale of assets to RTC, and the requirements of agreements which must be met before they are valid as against the receiver. (*See* 12 U.S.C. § 1823(a), (b), (d) and (e)).

on this representation by providing more favorable terms in the written lease described above. (*Id.*, Ct. Two, ¶¶ 2–4). However, City Federal has vacated this space, and plaintiff claims it has been damaged as a result. (*Id.*, Ct. Two, ¶ 5). The Third Count asserts that City Federal's representations and subsequent exit from the additional space constitutes fraud. (*Id.*, Ct. Three, ¶¶ 4–5).

Plaintiff's lease with City Federal was assigned to City Savings Bank on August 9, 1990, and thereafter, on November 5, 1990, it was assigned to Savings, F.S.B. (*See* McClelland Aff., Exhs. D, G).

Defendants move to substitute Savings, F.S.B. and the RTC as its receiver for the presently named defendants under Fed. R.Civ.P. 25, asserting that they are the real parties in interest. Defendants move to dismiss the First Count of the complaint on the basis that the lease provision providing for a default is unenforceable under FIR-REA. They move to dismiss the Second and Third Counts on the basis that plaintiffs fail to allege facts sufficient to satisfy the requirements of 12 U.S.C. § 1823(e).

## II. DISCUSSION

As indicated above, defendants' second motion is a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). However, both parties have submitted substantial additional information. This Court, in the interests of justice and efficiency, will consider this information in its determination of the present motions. Accordingly, defendants' motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." (Rule 12(b)).

Defendants' motion to substitute named defendants will be considered first.

### A. *Defendants' Motion to Substitute Defendants*

Defendants move under Fed.R.Civ.P. 25(c) for a substitution of parties defendant. Specifically, they seek to substitute Savings, F.S.B. and its receiver RTC for

City Federal, City Savings Bank and RTC as receiver for them.

Rule 25(c) provides:

In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

The decision of whether to enter an order substituting or adding a new party under this rule is within the discretion of the court. *P.P. Inc. v. McGuire,* 509 F.Supp. 1079, 1083 (D.N.J.1981) (citations omitted).

■ In the present case, all parties agree [4] that Savings, F.S.B. is the transferee of most of the assets of City Savings Bank, who is the transferee of City Federal. The transferred assets include plaintiff's lease, such that the real party in interest with respect to the lease is Savings, F.S.B. With respect to plaintiff's Second and Third Counts, Savings, F.S.B. is the actual transferee in interest of any rights and obligations of City Federal, so is properly in the action. Accordingly, defendants' motion to substitute Savings, F.S.B. for City Federal and City Savings Bank is granted. RTC remains as a defendant as receiver for City Federal and City Savings Bank, and conservator of Savings, F.S.B.

### B. *Defendants' Motion for Summary Judgment*

#### 1. *Standards Governing Summary Judgment*

■ Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir.) (*en banc*), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct. 26,

---

**4.** In fact, plaintiff has not posed any opposition to defendants' motion to substitute.

97 L.Ed.2d 815 (1987). In deciding a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and any reasonable doubt as to the existence of a genuine issue of fact is to be resolved against the moving party. *Continental Insurance Co. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982). The moving party has the burden of establishing that there exists no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Supreme Court recently stated that in applying the criteria for granting summary judgment,

> the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict....

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. (*Id.*)

## 2. The First Count of Plaintiff's Complaint

In the present case, there is some confusion between the parties concerning the scope of the First Count of plaintiff's complaint. As noted above, plaintiff describes who the parties are, and the insolvency and receivership of City Federal. (Am.Compl., ¶¶ 1–7). Plaintiff declares that it has been damaged by defendants' "default" (*i.e.,* re-

ceivership) and continued possession. (*Id.,* ¶ 8). The relief that Hawke seeks is an order directing defendants to vacate the building, pay costs of reletting and renovation, costs and attorney fees, reimbursement of lease commission and any other relief the Court deems just.

Defendants seek to dismiss this action on the basis that a new federal statute, 12 U.S.C. § 1821(e)(12), provides that default clauses such as that contained in plaintiff's lease are unenforceable. Plaintiff agrees with this basic proposition, but argues in its brief that it has stated a cause of action against RTC because of RTC's failure to accept or repudiate its lease within a reasonable time. (*See* Plaintiff's Br. at 4–6).

This Court is unable to find, in the language of Count One of the complaint, any claim to the effect that RTC unreasonably delayed in deciding to accept or repudiate the lease under 12 U.S.C. § 1821(e)(2) (1984 & 1990 Supp.). Instead, the claims which form the basis of the argument in the brief are provided by a sworn affidavit of Louis Nacamuli, one of the partners in the plaintiff partnership. The proper method for making such claims is to make them in the complaint. It is noted, however, that this case is in its earliest stages, and the amendment rules are liberally applied. Thus, it is apparent to this Court that plaintiffs could amend the complaint to add claims that the RTC unreasonably delayed in adopting or rejecting its lease.

Accordingly, this Court will first consider defendants' motion as applied to the complaint in its present form. Thereafter, this Court will consider the validity of plaintiff's claims made by affidavit, in order to avoid unnecessary expense and delay.

Defendants are correct[5] that pursuant to Title 12, U.S.C. § 1821(e)(12)(A), clauses such as that contained in plaintiff's lease, that the tenant is in default if it goes into receivership, are unenforceable. Thus, to the extent that Count One of plaintiff's complaint requires enforcement of this pro-

---

**5.** According to letters submitted by the plaintiff, plaintiff was aware of this statute prior to filing the complaint. (*See* letter of Kenneth Thompson, Staff Attorney for City Savings Bank, to Robert M. McCaffery, attorney for the plaintiff, dated February 1, 1990 and attached as Exh. E to Nacamuli's Aff.).

vision, defendants are entitled to summary judgment.

██ Pursuant to 12 U.S.C. § 1821(e)(2), the receiver "appointed for any insured depository institution ... shall determine whether or not to exercise the rights of repudiation under this subsection within a reasonable period following such appointment." Plaintiff claims that RTC did not make this determination within a reasonable time. (Plaintiff's Br. at 2–3, 4–6). These claims are without merit. First, plaintiff erroneously states that an assignment of the lease was not consummated until November 5, 1990. In fact, that was a second assignment when the second bank became insolvent. Plaintiff's lease was first assigned in writing on August 9, 1990, only eight months after City Federal was first put into receivership.

Second, by plaintiff's own admission, plaintiff was in contact with RTC and City Savings Bank (City Federal's transferee) during the initial seven months of the receivership, including at least one meeting between counsel "to discuss a possible resolution of this matter." (Plaintiff's Br. at 2). Negotiations continued until plaintiff received a letter dated July 12, 1990 indicating that further negotiations to modify the lease would not be conducted, and a letter dated July 19 stating that an assignment of the lease would follow. (*Id.* at 2–3).

Accordingly, this Court finds that there are no issues of material fact with respect to plaintiff's claims that RTC acted unreasonably. Plaintiff's own description of the events which transpired show that at all times the defendants acted responsibly and expeditiously in an effort to resolve any disputes with plaintiff, including a decision whether the lease would be assigned or repudiated.

Thus, even if plaintiff amended the complaint to assert claims against the RTC for unreasonable delay, plaintiff would be unable to prove facts sufficient to create a question of fact sufficient to warrant denying defendants' motion. Accordingly, defendants' motion for summary judgment as to the First Count is granted.

### 3. The Second and Third Counts

██ Defendants contend that this Court must dismiss Counts Two and Three because the alleged lease with respect to the second through fifth floors of plaintiff's building does not meet the requirements of 12 U.S.C. §§ 1821 and 1823. (Defendants' Br. at 9–12). Specifically, defendants rely on the following:

(9) Agreement as basis of claim.

(A) Requirements. Except [as otherwise provided], any agreement which does not meet the requirements as set forth in [12 U.S.C. § 1823(e)(2) ] shall not form the basis of, or substantially comprise, a claim against the receiver or the [RTC].

(Title 12 U.S.C. § 1821(d)(9)(A)). The requirements are as follows:

(e) Agreements against interest of Corporation [RTC].

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section [12 U.S.C. § 1821], ... as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing;

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been continuously, from the time of its execution, an official record of the depository institution.

(Title 12 U.S.C. § 1823(e)). It is evident, and plaintiff does not contest, that any purported leases pertaining to the second through fifth floors of plaintiff's building constitute an agreement "which tends to diminish or defeat the interest" of RTC. Accordingly, before the leases may be enforced or otherwise held against RTC or

Savings, F.S.B., they must meet the requirements of 12 U.S.C. § 1823.

Defendants primarily argue that because the purported leases of the second through fifth floors are not in writing, they are unenforceable as to the RTC. Accordingly, they argue that they are entitled to summary judgment as to Counts Two and Three. (Defendants' Br. at 9–12).

In response, plaintiff provides copies of "letter agreements" from City Federal to plaintiff, detailing the lease of the second through fifth floors of plaintiff's building. (Nacamuli Aff., Exh. B). One such "agreement" is dated September 18, 1987, and purports to apply only when the sale from City Federal to plaintiff of the building is culminated. (In fact, the sale was completed on May 24, 1988.) The "agreement" is not signed by either party. The second "agreement," dated October 14, 1987, is signed by Joseph Milan, Vice President of Leasing and Property Management of City Federal. It is not signed by plaintiff. Both versions include the term that either party can terminate the agreement upon 90–days notice to the other, but plaintiff agreed not to provide such notice until after December 31, 1988.

Plaintiff has not provided any later agreements covering this space, and admits that City Federal vacated in December 1988. Plaintiff has made no statement as to whether City Federal provided the 90–day notice as required under the incomplete letter agreement. This Court also notes that the signed lease, pertaining to the lower floors of the building, makes no mention of any agreement as to the second through fifth floors. In fact, the lease states that "[t]his lease contains all of the agreements between the parties ... and no prior agreement or understanding pertaining to any such matter shall be effective for any purpose." (Nacamuli Aff., Exh. A, ¶ 22).

Interestingly enough, plaintiff asserts that it agreed to the terms of the written lease as a result of the agreements with respect to the second through fifth floors. However, the written lease predates the "letter agreements" provided by plaintiff,

indicating that there is no merit in this argument.

This Court finds that plaintiffs have not provided more than a "mere scintilla of evidence" in support of their contention that agreements exist, pertaining to the second through fifth floors, which satisfy the requirements of 12 U.S.C. § 1823. It is evident that if plaintiff was a party to a signed agreement, it would have a copy of such agreement or would know the precise whereabouts of such agreement.

Plaintiff contends that defendants' motion is premature in that discovery has not been completed. (Plaintiff's Br. at 8). Such contentions do not alter this Court's decision that no genuine issue of material fact remains. First, if plaintiff is attempting to avoid summary judgment by asserting that further discovery is needed, such assertions must be made by affidavit in accordance with Rule 56(f). Second, this Court finds that further discovery would not, as a matter of law, result in evidence proving that the leases were in accordance with 12 U.S.C. § 1823. Nacamuli states that plaintiff intends to prove that "[b]oth prior to and following the closing, City Federal represented to Hawke Associates that it intended to be a long-term tenant of the second through fifth floors of the building." (Nacamuli Aff., ¶ 4). On the contrary, plaintiff has provided the Court with copies of its lease which specifically states that no other agreements or understandings exist or would be effective, precluding the possibility that prior agreements exist. Similarly, plaintiff has not met its burden of showing what discovery would reveal that would alter the result this Court reaches today. Thus, plaintiff could not, even with further discovery, show that an issue of material fact remains as to whether leases exist which meet the requirements of 12 U.S.C. § 1823.

Finally, this Court notes that had City Federal in fact agreed to remain in the second through fifth floors, it is most likely that plaintiff would have sought its remedies before now. City Federal vacated the premises in December 1988, nearly two years prior to the instigation of this suit.

In fact, plaintiff provides copies of several letters written by counsel to defendants concerning the various issues raised by the written lease. Nowhere in these letters does counsel refer to any purported agreements with respect to the second through fifth floors of the building. Indeed, one letter, dated February 16, 1990, refers to defendants' option to lease additional space in the building, negating the existence of other agreements. (Nacamuli Aff., Exh. F). This suggests to the Court that there never was an agreement in writing pertaining to the parties' rights with respect to the second through fifth floors. Accordingly, no matter what representations City Federal may have made, such representations are not enforceable against the present defendants as a result of the requirements of 12 U.S.C. § 1823. Defendants are entitled to summary judgment as to Counts Two and Three, which depend on the existence of an enforceable agreement pertaining to the upper floors.

## III. CONCLUSION

Defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is properly considered a motion for summary judgment under Rule 56. As such, defendants' motion is granted, and all three counts of the complaint are dismissed, with prejudice and costs.